Joseph S. Davidson (Ill. Bar. No. 6301581)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+ 1 630-575-8181
jdavidson@sulaimanlaw.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

Michael A. Muniz,

  Plaintiff,

  v.

Pro Recovery Systems, Inc.,

  Defendant.

Case No.

**COMPLAINT FOR DAMAGES**

**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**

JURY TRIAL DEMANDED

NOW COMES, MICHAEL A. MUNIZ, through counsel, Victor T. Metroff of SULAIMAN LAW GROUP, LTD., complaining of PRO RECOVERY SYSTEMS, INC., as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks damages for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. MICHAEL A. MUNIZ ("Plaintiff") is a natural person, who at all times relevant resided at 221 East Chateau Drive, Unit 221, Goodyear, Arizona 85338.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. PRO RECOVERY SYSTEMS, INC ("Defendant") is a corporation organized under the laws of Massachusetts.

7. Defendant has a principal place of business at 260 Centre Street, Suite 4, Middleboro, Massachusetts 02346.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff sought medical treatment at St. Luke's Medical Center.

11. Said medical treatment generated certain bills.

12. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Those bills, once unpaid, were turned over to Defendant.

14. On November 6, 2019 at 11:33 AM, Plaintiff received message from Defendant.

15. Defendant's message provided:

"This message is for MICHAEL MUNIZ my name is Skyler Johnson this call is to notify the _____ will be made _____ shots _____ the legal documents if you do have any questions or need to make any changes to the time and date or location of this delivery you need to contact _____ and firm at 884-4422677 one reference case number 2019 Dash 161092 _____ to contact _____ firm the result in _____ to take place by a knowledge you have been notified…"

16. Defendant also called Plaintiff's mother.

17. Plaintiff's mother answered and was immediately hung up on.

18. Plaintiff's mother called back and was informed that Defendant was looking for Plaintiff as he owed a debt.

19. Alarmed, Plaintiff's mother informed Plaintiff of this call.

20. Concerned with this call as well as voicemail received, Plaintiff phoned Defendant the following day.

21. Immediately, Defendant transferred Plaintiff to "Mr. Hernandez."

22. Initially, Mr. Hernandez branded himself as an attorney.

23. Mr. Hernandez isn't an attorney however.

24. Mr. Hernandez then made reference to court/legal proceedings set for November 25, 2019.

25. Mr. Hernandez informed Plaintiff that without payment, Defendant will proceed with this lawsuit.

26. Concerned, Plaintiff authorized payments of $366.50 on November 7, 2019 and $366.50 on December 7, 2019.

27. Defendant did not *ever* identify them self as a debt collector.

28. To date, court/legal action has not been initiated against Plaintiff.

29. To date, Defendant has not sent Plaintiff anything in writing.

30. Defendant's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

31. Defendant's hollow threats have resulted in extreme emotional distress and the expenditure of monies from fear that collection proceedings were continuing..

32. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection efforts ceased.

33. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection efforts.

## CLAIMS FOR RELIEF

## COUNT I:
## Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. §1692b

35. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

    (2)    not state that such consumer owed any debt;

15 U.S.C. § 1692b(2)

36. Defendant violated 15 U.S.C. § 1692b(2) by communicating with Plaintiff's mother and stating that Plaintiff owes a debt.

### Violation(s) of 15 U.S.C. § 1692e

37. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    (11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

15 U.S.C. §§ 1692e(5), e(10) and e(11).

38.     Defendant violated 15 U.S.C. §§ 1692e(5) and e(10) by referencing court (legal) proceedings.

39.     Upon information and belief, Defendant did not intend to send Plaintiff's Loan through the court (legal) process when Defendant made that statement.

40.     Defendant violated 15 U.S.C. § 1692e(11) by failing to include the required disclosures required under 15 U.S.C. § 1692e(11) in phone calls to Plaintiff.

### Violation(s) of 15 U.S.C. § 1692g

41.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1)   the amount of the debt;

   (2)   the name of the creditor to whom the debt is owed;

   (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

42. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

43. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

44. Defendant violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

45. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to provide the amount of the debt.

46. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to provide the name of the creditor to whom the debt is owed.

47. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

48. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to provide a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

49. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to provide a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692b(2), e(5), e(10), e(11), g(a), a(1), a(2) a(3), a(4) and a(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which

provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. §§ 1692e(5), e(10), e(11), g(a), a(1), a(2) a(3), a(4) and a(5);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 27, 2019

Respectfully submitted,

**MICHAEL A. MUNIZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-581-5450
jdavidson@sulaimanlaw.com